| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION ONLY |
| EASTERN DISTRICT OF NEW YORK | |

| JESSE WORLUMARTI, | |
| Petitioner, | MEMORANDUM AND ORDER |
| - versus - | 13-CV-6202 (JG) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

| UNITED STATES OF AMERICA | |
| - versus - | 97-CR-485 (JG) |
| NURI CELENK, | |
| Defendant. | |

JOHN GLEESON, United States District Judge:

      Jesse Worlumarti filed a motion for a writ of error coram nobis in his criminal case, No. 97-cr-485, on November 1, 2013. The matter was reassigned to me on November 6, 2013. I then recharacterized Worlumarti's motion as an action under 28 U.S.C. § 2255, and the matter was given a new docket number and caption – *Jesse Worlumarti v. United States*, No. 13-cv-6202. (The disparity between the names in the captions of the two cases is related to the underlying criminal allegations.) In an opinion issued May 5, 2014 in No. 13-cv-6202, I denied Worlumarti's claims for relief. Worlumarti now seeks a certificate of appealability.

      Worlumarti argues that, as an initial matter, no certificate of appealability should be required to appeal my order. Such a certificate is required by 28 U.S.C. § 2253(c) for an

appeal from any "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," or from "the final order in a proceeding under section 2255." The May 5 order clearly does not fit the former description, since Worlumarti attacks a federal conviction. As to the latter, Worlumarti argues that this action is not a proceeding under § 2255, notwithstanding the orders I issued at the outset of this proceeding in November 2013.

I agree with Worlumarti. Although my November 13, 2013 order to show cause characterizes the petition as one under § 2255, that is incorrect. By way of explanation, the November order is simply a form order I use for federal collateral attacks. But it is clear that this action was not (and could not have been) brought under § 2255, since that section permits suits by "[a] prisoner in custody under sentence of a court established by Act of Congress." Worlumarti is now, and was at the time of filing, free from custody, having finished serving his sentence more than a decade ago.

Instead, Worlumarti was right to file the petition as a motion in the original criminal case. As the first page of Worlumarti's petition makes clear, he seeks a writ of error coram nobis. "Because *coram nobis* is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." *United States v. Denedo*, 556 U.S. 904, 912-13 (2009). A motion for a writ of error coram nobis is "a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." *United States v. Morgan*, 346 U.S. 502, 506 n.4 (1954).[1]

---

[1] The All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to *grant* writs of error coram nobis. *See United States v. Mandanici*, 205 F.3d 519, 521 n.1 (2d Cir. 2000) (citing *United States v. Morgan*, 346 U.S. 502 (1954)). But the All Writs Act does not provide a cause of action for a petitioner; it only provides authority for a court to grant relief. *See Brittingham v. U.S. C. I. R.*, 451 F.2d 315, 317 (5th Cir. 1971) ("It is settled

For these reasons, I am filing both my May 5, 2014 order and this order in the original criminal case. Worlumarti may then appeal from my denial in the criminal case, and no certificate of appealability is required. (For the sake of continuity, I will also file this order in No. 13-cv-6202.)

However, if the foregoing analysis is incorrect and Worlumarti is required to seek a certificate of appealability before appealing, I deny the request because I do not find that Worlumarti has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

So ordered.

John Gleeson, U.S.D.J.

Dated: May 22, 2014
       Brooklyn, New York

---

that . . . the All Writs Act, by itself, creates no jurisdiction in the district courts. It empowers them only to issue writs in aid of jurisdiction previously acquired on some other independent ground.").